ABELLA *v.* ANTUÑANO ET AL.

APPEAL from the District Court of Guayama.

No. 228.—Decided June 2, 1908.

DOUBLE SALE OF REAL PROPERTY—FIRST RECORD—GOOD FAITH IN THE ACQUISITION THEREOF.—In the case of a double sale of real property, the acquiring party who first obtains the admission of his deed to record is the owner thereof. Although section 1376 of the Revised Civil Code does not expressly require that the acquiring party should act in good faith in the purchase of real property, good faith is nevertheless a necessary requisite for the purpose of admission of the deed to record.

ID.—RIGHT OF THE PERSON CONVEYING THE PROPERTY.—Although section 1376 of the Revised Civil Code does not provide that the preexistence of the right of a person conveying property is necessary, still it must be understood that this circumstance is one of the suppositions from which that section sets out.

ID.—COMPLAINT—DEMURRER ALLEGING WANT OF CAUSE OF ACTION.—In the case at bar the complaint alleges that one and the same property was sold twice to different persons—to one person by a public deed which was recorded in the registry, and who acquired the same in bad faith, knowing that it had been previously sold, and the other sale was made verbally to another per-

son, who took possession of the property and received part of the price; and this party in turn sold to the plaintiff without executing a deed. The defendant who recorded his title in the registry and one of the other defendants who made the double sale filed a demurrer alleging that the complaint did not set forth facts sufficient to constitute a cause of action for the annullment of the sale with respect to them, because the deed had been recorded in the registry. The court held that the complaint having alleged bad faith on the part of the person who acquired the property and recorded his deed in the registry, it alleges facts sufficient to constitute a cause of action for the annullment of that sale and of the record of the deed.

ID.—THIRD PARTY—RECORD OF A DOUBLE SALE.—The provisions of articles 36 and 38 of the Mortgage Law are applicable to cases of double sale provided the acquisition of real property in good faith and recorded in the registry is involved, and this is not so in the case at bar.

ID.—THIRD PARTY—ACQUISITION IN BAD FAITH.—A person acquiring in bad faith property which had been sold twice cannot claim that he is a third party in order to secure protection of his rights by the record of his deed in the registry of property.

ID.—SALE PERFECTED—FAILURE TO EXECUTE PUBLIC INSTRUMENT.—According to the provisions of section 1353 of the Civil Code, a contract of sale is perfected between the purchaser and the vendor, and becomes binding upon both from the moment that they agree upon the thing which is the object of the contract, and upon the price, even when neither had been delivered; and the provisions of section 1247 of the Revised Civil Code must be harmonized with those of sections 1245 and 1246 of the same Code.

JOINDER OF ACTIONS—JOINDER OF DEFENDANTS—DOUBLE SALE OF PROPERTY.—Where the annullment of a deed recorded in the registry in the case of a double sale is sought, and demand is made for the execution of a deed in favor of the plaintiff by the person who sold the property, and in favor of the vendor by the person who made the double sale, it does not constitute a misjoinder either of the parties or of actions.

DOUBLE SALE—NULLITY—RECORD.—Where a party sells property to one person and subsequently sells the same property to another person, the second purchaser, knowing that the property had been previously sold, although no deed had been executed, the second sale is null and void because no one can convey the ownership of a thing which he no longer owns, and this defect is not removed by the admission of a deed to record in the registry of property, according to the provisions of article 35 of the Mortgage Law.

The facts are stated in the opinion.

*Mr. Abella Baston* for appellant.

The respondent did not appear.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

Under date of April 26, 1907, Severo Abella Baston filed a complaint in the District Court of Guayama against Pedro Antuñano Presa, Josefa Millán y Vázquez, Domingo Freire y

Baldrich, and Sandalio Garced, in which complaint he alleged as fundamental facts thereof, the following:

1. That Garced sold to Antuñano two rural estates both situated in *barrio* Bayamón, municipal district of Cidra, with an area of 50 and 15 *cuerdas*, respectively, which having been joined from a single estate of 65 *cuerdas,* with a dwelling house; bounded on the east by the Bayamón River; on the west by the property of Tomás Dones; on the north by property belonging to Gertrudis Nuñez, and on the south by property belonging to Féliz Rosario, the sale having been made verbally for the price of $250, of which the vendor acknowledged the receipt of $125 to his entire satisfaction, the vendee being bound to pay the remaining $125 at any time in the month of June of the year 1907, and the vendor agreeing to execute a deed upon the final fulfillment of the contract, according to a private document of August 10, 1906, which the parties never signed, having postponed it from day to day, notwithstanding the fact that the estate was delivered by the vendor to the purchaser and the latter had delivered to the former one-half of the price agreed upon.

2. That Pedro Antuñano, with the consent of his wife, Josefa Millán, sold to the plaintiff on March 11, 1907, the estate above described, for the sum of $250, which price he had previously received from the plaintiff himself, the proper public deed not having been executed, because the vendor Antuñano was waiting for the deed to be executed in his favor by the previous possessor, Sandalio Garced, notwithstanding which the plaintiff entered into possession of the estate and leased it to Antuñano for a term of two years, said estate being worth $600 at the date of the complaint.

3. That the defendant, Sandalio Garced, illegally sold the estate in question to Domingo Freire y Baldrich, who, notwithstanding the fact that he knew that the real owner of the estate was Pedro Antuñano, accepted the sale by deed No. 30, executed on March 4, 1907, before Notary Eugenio de

Jesús López Gaztambide, of Cayey, which deed was recorded in the Registry of Property of Guayama.

In view of the facts alleged, the plaintiff prayed for judgment as follows:

1. Setting aside the deed of March 4, 1907, executed by Sandalio Garced in favor of Domingo Freire;

2. That as a consequence of such annullment the records of said deed in the Registry of Property of Guayama be also annuled;

3. That the contract of purchase and sale entered into between Sandalio Garced and Pedro Antuñano on August 10, 1906, be held to have been perfected, Garced being therefore adjudged to execute the proper deed of sale in favor of Antuñano and the latter in favor of the plaintiff, with the costs against the defendants.

The defendants, Sandalio Garced and Domingo Freire, represented by different attorneys, demurred to the foregoing complaint on the following grounds:

1. That the court has no jurisdiction over the subject matter of the action, inasmuch as the execution is sought of a deed of sale of an estate alleged to have been purchased for the price of $250.

2. That there is a misjoinder of parties defendant, because, with regard to Antuñano, an action is brought for the execution of a deed of sale in favor of the latter by Sandalio Garced, when such action should be brought by Antuñano, who, consequently, cannot be a defendant, but a plaintiff; and with regard to Freire, as it is sought to set aside a contract alleged to have been entered into between the defendants Garced and Freire already recorded in the registry of property, and to validate another private contract alleged to have been entered into between the defendants Antuñano and Garced, both contracts referring to the same estate, it is evident that in view of the record of that entered into between the defendants Garced and Freire it is clear that the action brought against the

latter to set aside the contract does not lie, and consequently he is improperly made a defendant.

3. That the facts stated in the complaint do not constitute a cause of action, because in seeking to annul a contract no allegation is made on which to base such annullment, and it is evident from the complaint that such contract is perfectly valid because executed before a notary public with all the legal requisites and recorded in the registry of property.

The defendants, Pedro Antuñano and Josefa Millán, in answering the complaint, alleged as new matter in opposition thereto that they had executed under date of May 15, 1907, before Notary José Abelardo Cajas, of Caguas, in favor of the plaintiff, the proper deed of sale conveying all the property rights, personal rights and actions they had in the estate to which the complaint refers, and therefore prayed that the complaint be dismissed as to them, with the costs against the other defendants.

The lower court rendered a decision on the demurrer filed on October 4, 1907, the legal grounds and adjudging portion of which read as follows:

"I. With regard to the first ground of the demurrer relating to the jurisdiction of this court by reason of the amount involved, it must be remembered that section four of the Act of March 10, 1904, reorganizing the judiciary and amending in this respect section 33 of the Organic Act of April 12, 1900 (Foraker Act), and section 47 of General Order No. 118, of August 15, 1899, confers jurisdiction on municipal judges in civil matters only to the sum of $500, and consequently it devolves upon the district courts to take cognizance of civil matters involving a larger amount; and inasmuch as it appears in this case, and is expressly stated in the complaint, that the realty or object of the contract the nullity whereof is sought, is now worth $600, there exists *prima facie* evidence of the jurisdiction of this court by reason of the amount involved; wherefore, this ground of the demurrer must be dismissed.

"II. Upon a consideration of the second ground of the demurrer relating to the insufficiency of the facts to constitute a cause of action, there is no doubt whatsoever from the contents of the complaint that this is a case of a double sale of real property, a case specially provided

for in section 1376 of the Civil Code, which provides that *'the property shall belong to the person acquiring it who first recorded it in the registry.'* And in accordance with this provision subdivision four of article 38 of the Mortgage Law provides that *'no instruments or contracts shall be rescinded to the prejudice of· third persons who may have had their interests recorded for the resale of an article; when either the sale or resale has not been recorded.'* It furthermore appears from the text of the complaint that the contract of sale alleged to have been entered into under a private agreement by Sandalio Garced in favor of Pedro Antuñano was not perfected, because the public deed was not executed in favor of the latter, and therefore Antuñano cannot convey to the plaintiff more rights than he himself had. But even asuming that this private contract had all the force which it is sought to give it, it cannot produce any effect whatsoever against a third person, and, according to the Mortgage Law, a third person in this case, is the purchaser of the same thing sold who placed himself in a position under the law to impose his contract upon all persons by recording it in the registry of property. On the other hand, it is evident that the private contract entered into between Sandalio Garced Muñoz and Pedro Antuñano may give rise to an action against the former by the latter or his heirs or assigns; but from its nature, it is not sufficient to constitute the cause of action asserted for the purpose of setting aside the perfect sale made by Sandalio Garced Muñoz to Domingo Freire Baldrich, the deed whereof is properly recorded in the registry of property as alleged in the complaint itself.

"Therefore, and for the reasons stated, it is held that this court is competent to take cognizance of the said action; and the second ground of the demurrer is sustained, it being held that the facts alleged in the complaint are not sufficient to constitute the actions for the annullment exercised, and the costs are taxed against the plaintiff."

The defendants, Domingo Freire and Sandalio Garced, made a motion praying for final judgment in their favor, which the court granted on October 30, 1907, rendering judgment for them and dismissing, as to the defendants, the petition of the plaintiff for the annullment of the deed of March 4, 1907, executed by Santiago Garced in favor of Domingo Freire, and of the records made in the registry of property, and also dismissing the other petitions contained in said complaint, with the costs against the plaintiff.

Said judgment was entered on the same date that it was rendered, Severo Abella Baston taking an appeal therefrom on November 23 of the same year, and two days later—that is to say, on the 25th of the said month—notice thereof was served upon counsel for the defendants Freire and Garced.

The transcript of the record was received in due time in the office of the clerk of the court, and after the appellant had alleged what he thought fit in support of his contentions, no brief being filed by the defendants, a day was set for the hearing of the appeal, which was had with the attendance and oral argument of the appellant only.

The appellant in his brief prays for the reversal of the decision of the lower court rendered October 4, 1907, and the judgment of the 30th of the same month, wherein it is held that the complaint states fact sufficient to constitute the cause of action exercised or, otherwise, that he be allowed a reasonable time to amend the complaint, to which end he alleges:

1. That the judge of the lower court has improperly applied the provisions of section 1376 of the Civil Code, because the latter, in providing that in the event of a double sale the property belongs to the person acquiring the same who first recorded it in the registry, refers to a person acquiring the property in good faith—a condition which is not present in the defendant Freire as appears from the complaint.

2. That subdivision four of article 38 of the Mortgage Law has also been improperly applied, because said article is a consequence of the general provision contained in article 36, and the latter has its exceptions in article 37, under which is included the defendant Freire by reason of his having been a party to the fraud in accepting the deed which, together with the record thereof, it is sought to set aside.

3. That an error was likewise committed by the lower court in holding that the contract of sale executed by Garced in favor of Antuñano was not perfected because it had not been reduced to a public deed, said error being shown by the provisions of sections 616 and 1353 of the Civil Code.

4. That the lower court has also erred in holding that when the plaintiff does not avail himself of the right to amend the complaint he is considered to have abandoned or withdrawn his action.

Let us consider the legal questions which have been raised:

Section 1376 of the Civil Code, alleged to have been violated, reads as follows:

"If the same thing should have been sold to different vendees, the ownership shall be transferred to the person who may have first taken possession thereof in good faith if it should be personal property.

"Should it be real property, it shall belong to the person acquiring it who first recorded it in the registry.

"Should there be no entry, the property shall belong to the person who first took possession of it in good faith, and, in the absence thereof, to the person who presents the oldest title, provided there is good faith."

It will be observed from this provision of law that in the event of a double sale of real property it belongs to the person acquiring it who first records it in the registry, the requisite of good faith in the person acquiring it not being stated in an express manner. But it should not be understood for this reason that it is a matter of indifference for the legal purposes of the record whether the acquisition has been made in good or bad faith, because it is a general principal of law that fraud cannot benefit any one. *"Nemini fraus sua patrocinari debet."*

The learned writer, Q. Mucius Scevola, in his work entitled "Jurisprudence of the Civil Code," expresses himself in the following terms with relation to article 1473 of the Spanish Civil Code, which is section 1376 of our Revised Code:

"We have said that in the contest of two purchasers of the same real property the prize of the race is awarded to the one who first reaches the registry of property with his deed. Diligence alone is not sufficient; good faith is also necessary; and, with reference to real property, although such a requisite might appear to be officious, experience, which is the master of so many teachings and shows us to what an

extent malice is made use of, tells us that, without an honest intention, it is not possible to aspire to the prize which the article under consideration awards to diligence."

This doctrine has already been accepted by this Supreme Court in the case of *Francisco Ramos Latour*, now *Juana Ramos Latour* v. *Luis P. Orcasitas et al., ante,* p. 65, in which it is held in the opinion of Mr. Justice Figueras that:

"It is true that Q. Mucius Scevola, in his 'Jurisprudence of the Civil Code,' says: That without an honest intention it is not possible to aspire to the prize which article 1473 of the Civil Code awards to the one of two purchasers of the same real property who first reaches the registry of property. This opinion commands our respect because it is moralizing, but from the record it does not appear, in this case, that those who first reached the registry had acted without an honest intention."

Nor does section 1376 express the necessity of the pre-existence of the right in the assignor; but even though said section does not expressly provide it, Manresa y Navarro, in his "Comentarios al Código Civil," says that "it must be understood that this circumstance is one of the assumptions from which the section sets out, and this construction is not in conflict with the provisions of article 1473, but, on the contrary, it affords a reason and justification therefor."

According to section 436 of the Code, a *bona fide* possessor is deemed to be a person who is not aware that there exists in his title or the manner of acquiring it any flaw invalidating the same, and according to section 1851, the good faith of the possessor consists in his belief that the person from whom he received the thing was the owner of the same and could convey his title.

Applying these legal principles to this case, we understand that, according to the terms in which the complaint is drawn, there was not good faith on the part of Domingo Freire Baldrich in acquiring of Sandalio Garced by public deed of March 4, 1907, the estate in question, inasmuch as the complaint

states that Freire, although he knew that the aforesaid estate belonged to Pedro Antuñano, was willing to accept such sale. As a consequence and taking as a basis of discussion the facts alleged in the complaint, we understand that said facts con-' stitute a cause of action to seek the annullment of the deed of March 4, 1907, and of its record in the registry, and also to compel Garced to execute in favor of Antuñano a deed of sale for said estate in order that he may in turn execute a·similar deed in favor of the plaintiff as the latter prays.

Article 36 of the Mortgage Law provides that actions for rescission or determination of title shall not be instituted against third persons who have recorded the instruments of their respective interests in conformity with the provisions of said law, and as a consequence of this provision, article 38 provides that no instruments or contracts shall be annulled or rescinded to the prejudice of third persons who may have had their interests recorded for any of the reasons set forth therein which include the resale of a thing, when neither the sale nor the resale have been recorded.

We understand that the provisions of law to which we have referred are strictly applicable and must be applied in cases such as the one at bar, provided it is a question of acquisition of real property recorded in the registry with the requisite of good faith, which is not the case with respect to Freire, as alleged by the plaintiff, inasmuch as he knew that Garced had previously sold the estate to Antuñano and that the latter was the owner thereof.

As Freire, according to the complaint, did not acquire in good faith the estate which is the object of the double sale, he cannot invoke the character of a third person for the purpose of protecting his right on the strength of the record made in the registry of property, according to the doctrine already announced by this Supreme Court in the case of *Valdes v. Valle and Noble,* 1 P. R. Rep., p. 75, and in that of *Clementina Albina Voight de Castro.* v. *Julio Rivas,* 1 P. R. Rep:, p. 219.

We cannot admit that the contract of sale by Garced in favor of Antuñano had not been perfected when Garced made the second sale to Freire, because according to section 1353 of the Civil Code, a sale shall be perfected between vendor and vendee and shall be binding on both of them, if they have agreed upon the thing which is the object of the contract and upon the price, even when neither has been delivered. In this case Garced and Antuñano not only agreed on the thing which was the object of the purchase and sale and upon the price thereof, but part of said price was delivered as well as the thing itself. The tradition of the thing sold took place and the contract was thus consummated.

It is true that according to section 1247 of the Civil Code acts and contracts the object of which is the creation, transmission, modfiication, or extinction of property rights on real property must appear in a public instrument, and that the sale by Garced to Antuñano is not contained in a public instrument; but this provision must be harmonized with the provisions of sections 1245 and 1246 of the Civil Code, the former of which provides that contracts shall be binding whatever be the form in which they may have been executed provided the essential conditions required for their validity exist; and the second that, should the law require the execution of an instrument or other special formality in order to make the obligations of a contract binding, the contracting parties may compel each other to comply with said formalities from the moment in which consent and the other requirements necessary for their validity have taken place.

Under these provisions of the law Antuñano could have brought an action against Garced to compel him to execute the public deed of the sale of the land, which was made without said formality by the latter to the former, and as Antuñano sold the same land to the plaintiff, Abella Baston, the latter can compel Antuñano to execute the proper public deed in his

favor; but as it is a necessary requisite for the execution of said deed that Garced execute his deed in favor of Antuñano, it is evident that both of them should have been sued for this purpose, as could Garced and Freire also have been made defendants in an action to set aside the deed of sale executed by the former in favor of the latter. The plaintiff has become interested in all these acts, and for this reason there is no misjoinder of causes of actions in his complaint nor misjoinder of defendants, as is to be adduced from the terms of the complaint.

The contract of purchase and sale entered into between Garced and Freire, both of them knowing that Garced had previously made a similar contract with Antuñano, was void for the reason that no one can convey the ownership of a thing of which he had already disposed, as Garced had previously done, and Freire knew it, and this defect which entails nullity is not cured by a record made in the registry, according to article 33 of the Mortgage Law.

It is unnecessary to discuss the last ground alleged to the appeal on the assumption that the other grounds thereof were not admissible.

For the reasons stated we hold that the decision of the District Court of Guayama of October 4, 1907, and the judgment it rendered on the 30th of the same month should be reversed, the proceedings to be continued in accordance with the law.

*Reversed.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.